```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


MARTHA RIZZUTO                                    CIVIL ACTION

VERSUS                                            No. 06-6883

DONNA BIANCHINI TULLY, ET AL.                     SECTION: I/4
```

## ORDER AND REASONS

Before the Court is the motion to remand filed on behalf of plaintiff, Martha Rizzuto. Defendants in this matter are Donna Bianchini Tully, an agent of Allstate Insurance Company ("Allstate"), and Allstate. For the following reasons, plaintiff's motion to remand is **GRANTED.**

### *BACKGROUND*

Plaintiff owns a home located at 4900 Meadowbank Drive in New Orleans.[1] On August 29, 2005, the home suffered damage in excess of the limits on her flood insurance policies due to the wind damage and the floodwaters that inundated New Orleans following Hurricane Katrina.[2]

Beginning in 1999, plaintiff sought insurance for her property from Tully, and allegedly employed Tully as an agent of Allstate in reliance on Tully's expertise to recommend and secure appropriate insurance coverage. Plaintiff purchased a policy from defendants

---

[1] Rec. Doc. No. 1-2, p. 1.

[2] Rec. Doc. No. 1-2, pp. 2-3.

providing $75,000 of coverage for structural damage and $30,000 in contents coverage. Plaintiff alleges that, at each policy renewal, defendants negligently and in breach of their duty failed to advise plaintiff of potential losses from flood damage given the increased value of her home and contents. Had she been aware of her insufficient coverage, plaintiff further alleges she would have secured a flood policy with $171,200 in structural coverage and $128,400 in contents coverage, thereby mirroring her homeowners coverage.[3]

On August 21, 2006, alleging negligence and breach of duty, plaintiff filed this lawsuit against defendants in Civil District Court for the Parish of Orleans.[4] On September 29, 2006, Allstate removed this case to federal court.[5] In its notice of removal, defendant asserts that federal jurisdiction is appropriate pursuant to 42 U.S.C. § 4072, 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1332.[6]

According to defendants, plaintiff's claim involves an interpretation of a standard flood insurance policy ("SFIP") issued by an independent, "Write-Your-Own" insurance provider ("WYO") as part of its participation in the National Flood Insurance Program

---

[3]Rec. Doc. No. 1-2, p. 2.

[4]Rec. Doc. No. 1-2, p. 1.

[5]Rec. Doc. No. 1-1.

[6]Rec. Doc. No. 1-1.

("NFIP"). Defendants contend that, since NFIP claims are exclusively governed by federal law, plaintiff's claims arising out of the SFIP are subject to the jurisdiction of this Court.[7] Additionally, defendants argue that Tully was improperly joined and, therefore, there is diversity jurisdiction.[8] Plaintiff filed the present motion to remand on October 12, 2006.[9]

### *LAW AND ANALYSIS*

**I. Standard of Law**

*A. Motion to Remand*

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removal statute is strictly construed. *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989) (Feldman, J.)). When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37, 66 L. Ed. 144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party

---

[7]Rec. Doc. No. 5-1, pp. 1-19.

[8]Rec. Doc. No. 5-1, p. 22.

[9]Rec. Doc. No. 4-1.

invoking the removal jurisdiction of the federal courts bears a heavy burden."). Doubts concerning removal are to be construed against removal and in favor of remand to state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

B.  *Federal Question Jurisdiction*

Defendants allege that this case is properly before the Court because of federal question jurisdiction--i.e., the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "It is well settled that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Heimann v. Nat'l Elevator Indus. Pension Fund*, 187 F.3d 493, 499 (5th Cir. 1999); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987) (stating that subject matter jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint").

Defendants assert that the Court has original exclusive jurisdiction under 42 U.S.C. § 4072. The National Flood Insurance Act ("NFIA") grants federal courts original exclusive jurisdiction over lawsuits against the Director of FEMA for denials of claims made by insured individuals under their Standard Flood Insurance Policy ("SFIP"). 42 U.S.C. § 4072. While the plain language of Section 4072 only addresses lawsuits against FEMA's Director,

courts have held that Section 4072 can apply to lawsuits against private insurers who issue SFIPs under the Write Your Own ("WYO") program. *Landry v. State Farm Fire & Cas. Co.*, 428 F. Supp. 2d 531, 532 -533 (E.D. La. 2006) (Fallon, J.) (citing *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 389 (5th Cir.2005); *Gibson v. Am. Bankers Ins. Co.*, 289 F.3d 943, 947 (6th Cir.2002); *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, 166-67 (3d Cir.1998)).

*C. Commerce Clause Removal*

Defendants also assert a right to removal under 28 U.S.C. § 1337, which provides, in pertinent part, "district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce." 28 U.S.C. § 1337. The 'arising under' language in Section 1337 is interpreted in essentially the same way as the 'arising under' language in Section 1331. *Hunter v. United Van Lines*, 746 F.2d 635, 639 (9th Cir. 1984).

*D. Federal Officer Removal*

Defendants further assert that removal is proper under 28 U.S.C. § 1442. Section 1442 provides that a civil action commenced in a state court against any agency or officer of the United States or any person acting under that officer may be removed to federal court. 28 U.S.C. § 1442. Corporations are considered "persons" for purposes of removal under Section 1442. *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 398 (5th Cir. 1998).

To qualify for removal, the defendants must both raise a colorable federal defense and establish that the suit is for an act under color of federal office. In order to satisfy this latter requirement, defendants must have acted pursuant to a federal officer's directions and a causal nexus must exist between the defendants' actions under color of federal office and the plaintiff's claims. *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431, 119 S. Ct. 2069, 2075, 144 L. Ed. 2d 408 (1999); *Winters*, 149 F.3d at 398. "That nexus is established by the federal officer's direct and detailed control over the defendant. If a corporation only establishes that the acts occurred under the general auspices of federal direction, however, then it is not entitled to § 1442(a)(1) removal." *Green v. Aetna U.S. Healthcare, Inc.*, No. 00-1292, 2000 WL 1229226, at *1 (N.D. Cal. Aug. 18, 2000)(internal citations omitted).

   *E.   Improper Joinder*

Finally, defendants assert that there is diversity jurisdiction pursuant to 28 U.S.C. § 1332 because defendant Tully has been improperly joined to defeat diversity.[10] There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R.,* 385 F.3d 568, 573 (5th

---

[10]Rec. Doc. No. 5-1, p. 22.

Cir. 2004) (en banc).[11]  In *Smallwood v. Illinois Central Railroad*, the United States Court of Appeals for the Fifth Circuit restated the law with respect to the second method of establishing improper joinder, which is at issue in this case:

> [T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.  To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not.
>
> There has also been some uncertainty over the proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law.  A court may resolve the issue in one of two ways.  The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendants.  Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder.  In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)) (footnotes omitted).

The "burden of persuasion placed upon those who cry 'fraudulent [or improper] joinder' is indeed a heavy one."  *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).  In

---

[11]The majority opinion in *Smallwood* adopted the term "improper joinder" in lieu of the term "fraudulent joinder."  *Smallwood*, 385 F.3d at 571 n.1.

determining the validity of an improper joinder claim, "the district court 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'" *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (quoting *B., Inc.*, 663 F.2d at 549). The court must also resolve all ambiguities in the controlling state law in plaintiff's favor. *Id.*

**II. Discussion**

*A. Federal Question and Commerce Clause Removal Jurisdiction*

Plaintiff argues that her case should be remanded because it concerns state tort claims regarding the procurement of a SFIP as opposed to the handling of a claim related to flood insurance. Defendants argue that, because the policy was initially procured in 1999 and because plaintiff's breach of duty claim allegedly must be a breach of contract claim, plaintiff has brought a claim handling suit subject to federal jurisdiction.

The NFIP was established by the National Flood Insurance Act ("NFIA"), 42 U.S.C. § 4001, *et seq.*, and it is administered through the Federal Emergency Management Agency ("FEMA"), *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 387 (5th Cir. 2005). The NFIP has two main components: 1) the flood insurance program, and 2) a comprehensive national plan for flood management. *Gallup v. Omaha Prop. & Cas. Ins. Co.*, 434 F.3d 341, 342 (5th Cir. 2005). A SFIP can be issued by the private WYOs directly to consumers. *Gowland*

*v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).  These WYO companies, however, have no power to alter, amend, or waive any provision contained within the SFIP.  44 C.F.R. pt. 61.13(d).  By statute, these WYOs are considered fiscal agents of the United States.  42 U.S.C. § 4071(a)(1).

In *Richmond v. Chubb Group of Insurance Companies*, this Court noted the growing line of cases in this district that have recognized a distinction between claims related to the handling of a flood insurance claim, which are preempted by federal law, and those related to the procurement of a SFIP, which are not preempted.  No. 06-3973, 2006 U.S. Dist. LEXIS 67537, at *13 (E.D. La. Sept. 20, 2006).  *See Jones v. State Farm Fire & Cas. Co.*, No. 06-11, 2006 WL 2359777, at *2-4 (S.D. Miss. Aug. 15, 2006)(Senter, J); *Seruntine v. State Farm & Cas. Co.*, No. 06-1580, 2006 WL 2361641, at *2-5 (E.D. La. Aug. 7, 2006)(Vance, J); *Bramlett v. State Farm Fire & Cas. Co.*, No. 06-134, 2006 WL 2243186, at *4-6 (S.D. Miss. Aug. 4, 2006)(Senter, J.); *Sullivan v. State Farm Cas. Co.*, No. 06-1677, 2006 WL 2119320, *3-4 (E.D. La. July 27, 2006)(Barbier, J); *Jeffrey v. Ins. Underwriters, LTD*, No. 06-2525, 2006 WL 1984591, at *1-2 (E.D. La. July 7, 2006)(McNamara, J.); *Cosse v. Matte*, No. 06-2590, 2006 WL 1968868, at *1-2 (E.D. La. July 7, 2006)(McNamara, J.); *Landry v. State Farm Fire & Cas. Co.*, 428 F. Supp. 2d 531, 534-36 (E.D. La. 2006) (Fallon, J.).

Indeed, the facts of this case are similar to those in *Landry*,

where the Court found remand appropriate.  In *Landry*, plaintiffs alleged that their insurance agent breached his duty of reasonable diligence in failing to secure contents coverage under their flood policy during the renewal period.  428 F. Supp. 2d at 535.  The Court held that these allegations "present[ed] a question of policy procurement."  *Id.*

Plaintiff asserts negligence and breach of duty by defendants in failing to advise and secure sufficient coverage.  The Court finds no basis to distinguish the present case from the holding of *Landry*.[12]  There being no jurisdiction under the NFIA for purposes of Section 1331 or 42 U.S.C. § 4072, this Court finds also that the Act cannot confer jurisdiction under the Commerce Clause removal statute, 28 U.S.C. § 1337.[13]

*B. Diversity Jurisdiction and Improper Joinder*

Defendants argue that diversity jurisdiction exists because plaintiff improperly joined defendant, Donna Tully.[14]  To determine

---

[12] The cases cited by defendants are distinguishable on the facts.  In particular, *Newman v. Allstate Ins. Co.*, upon which defendants place special emphasis, involved a breach of contract claim with respect to a flood policy, and that case, therefore, was clearly subject to removal as a policy handling case.  No. 06-3757, 2006 WL 2632116, at *1 (Feldman, J.).  *Newman* sheds no light on the validity of removal where there is no breach of contract claim, but rather an assertion of negligence and breach of fiduciary duty, as in this case.

[13] If an action is not one 'arising under' the Constitution, laws or treaties of the United States, pursuant to 28 U.S.C. § 1331, then neither does it arise under an Act of Congress regulating commerce.  *Brooks v. Nez Perce County*, 394 F. Supp. 869, 873 (D.C. Idaho 1975) (citing *Carlson v. Coca-Cola Company*, 483 F.2d 279 (9th Cir. 1973)).

[14] Rec. Doc. No. 5-1, p. 22.

if joinder is improper, the Court must decide whether plaintiff has a reasonable basis of recovery under state law. The Court begins with a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendants. *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The Court "must evaluate all of the factual allegations in the light most favorable to the plaintiff." *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (quoting *B., Inc.*, 663 F.2d at 549); *see also Schwartz v. Chubb & Sons, Inc.*, 2006 WL 980673, at *3 (E.D. La. Apr. 11, 2006) (Fitzwater, J.) (holding same).

Defendants assert that plaintiff's claims are perempted[15] under La. R.S. 9:5606[16] because the peremptive period must run from

---

[15]Under Louisiana law, "Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period." La. Civ. Code art. 3458.

[16]La. R.S. 9:5606 provides in pertinent part:
A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

C. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.

July 1999, when the policy was initially issued.[17]  However, plaintiff alleges that defendant Tully breached her fiduciary duty to plaintiff at each renewal by failing to consider whether increased coverage was warranted and advising plaintiff to seek such coverage.[18]  Viewing the facts in the light most favorable to the plaintiff, and given this Court's holding in *Richmond* and other precedent,[19] the Court cannot find that the peremptive period has run and, therefore, there is no improper joinder on this basis. 2006 U.S. Dist. LEXIS 67537, at *18-22.

Defendants also challenge the duty that plaintiff asserts is owed to her.  Plaintiff alleges that Tully "held herself out as an expert," and then "negligently and in breach of her duty" never advised plaintiff of the need to increase her flood insurance.[20] Contrary to defendants' assertions, plaintiff is alleging negligence and breach of fiduciary duty, not breach of contract. As this Court held in *Richmond*, where a plaintiff has asserted such

---

[17]Rec. Doc. No. 5-1, p. 24.

[18]Rec. Doc. No. 1-2, p. 2.

[19]Renewals can be the basis of separate torts, if the complained of conduct constitutes separate and distinct acts, which give rise to immediately apparent damages. *Fidelity Homestead Ass'n v. Hanover Ins. Co.*, 2006 WL 2873562, at *2 (E.D. La. Oct. 5, 2006) (Berrigan, C.J.) (citing *Biggers v. Allstate Ins. Co.*, 886 So.2d 1179, 1182 (La. Ct. App. 5th Cir. 2004). The inquiry is whether the actions of the insurance agents at the time of renewal can be construed to constitute an act separate from the initial policy procurement. *Id.*  Here, plaintiff specifically alleges that, at each policy renewal, defendants negligently and in breach of their duty failed to advise plaintiff.  Therefore, the alleged acts here may be construed as separate tortious incidents in the policy procurement stage.

[20]Rec. Doc. No. 1-2, p. 2.

a claim, there is a reasonable basis to predict that the plaintiff might be able to recover. 2006 U.S. Dist. LEXIS 67537, at *22-23. Accordingly, there is also no improper joinder for inability to establish a cause of action against the in-state defendant.

 *C. Federal Officer Removal Statute*

Finally, Allstate asserts that it can remove this case as FEMA's fiscal intermediary under the federal officer removal statute, 28 U.S.C. § 1442. However, as defendant acknowledges, in order to qualify under this statute, it must have acted under color of federal office. To satisfy this requirement, Allstate must show that it acted pursuant to a federal officer's directions and that a causal nexus exists between its actions under color of federal office and the plaintiff's claims. *Winters*, 149 F.3d at 398. If Allstate only establishes that it acted under "general auspices of federal direction," it does not qualify under the statute. *Green*, 2000 WL 1229226, at *1.

While Allstate notes that it is subject to "comprehensive federal regulation by FEMA" pursuant to the NFIA,[21] it does not assert that FEMA directed or prohibited Allstate and Tully from advising plaintiff on whether to secure additional flood coverage. Allstate has done little more than assert that federal regulations govern flood insurance. It has not established a nexus between such regulation and the specific conduct on which plaintiff's claim

---

[21] Rec. Doc. No. 5-1, p. 20.

is based. In cases where this statute has been successfully applied, the nexus with asserted official authority stands in sharp contrast to the present matter. *See, e.g.*, *Winters*, 149 F.3d at 399 (finding nexus requirement satisfied as to chemical company defendants where evidence indicated "that the government maintained strict control over the development and subsequent production of Agent Orange"); *Noble v. Employers Ins. of Wausau*, 555 F.2d 1257, 1259 (5th Cir. 1977) ("[A] surgeon within the Department of Medicine and Surgery was subject to the authority of the administrator to the extent that he must have been considered to be 'acting under' an officer of the United States."); *Akin v. Big Three Industries*, 851 F. Supp. 819, 823-24 (E.D. Tex. 1994) (finding nexus requirement was satisfied where contractor built product pursuant to Air Force specifications). Allstate has not established that it acted under color of federal office and therefore may not remove this case under Section 1442.[22]

### III. Request for Attorneys' Fees

In her memorandum in support of her motion to remand, plaintiff requests attorneys' fees and costs for defendants' improper removal.[23] The decision whether to award fees and costs is discretionary. *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993).

---

[22]The Court, therefore, need not reach the issue of whether defendant has asserted a colorable federal defense under Section 1442.

[23]Rec. Doc. No. 4-2, p. 18.

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, ---U.S. ----, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)).  This Court exercises its discretion not to grant plaintiff's request for attorneys' fees and costs.

Accordingly,

**IT IS ORDERED** that the motion to remand filed on behalf of plaintiff, Martha Rizzuto,[24] is **GRANTED** and the case is **REMANDED** to Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, November __13th__, 2006.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[24] Rec. Doc. No. 4-1.